DELAVERGNE *against* NOXON AND OTHERS, *Overseers of the poor of the town of Poughkeepsie.*

BY an order of two justices of the peace of the county of *Ducthess*, residing in *Poughkeepsie*, made the 9th of *January* last, upon the complaint of the overseers of the poor of the town of *Poughkeepsie*, the plaintiff was adjudged to be the putative father of a certain bastard child, born of the body of *Eliza Carpenter*, and was ordered to pay to the overseers 25 dollars for the lying-in of the said *Eliza Carpenter*, and the maintenance of the child to the time of making the order, including costs, and the sum of sixty and a half cents, weekly, as long as the child should continue chargeable. From this order the plaintiff appealed to the general sessions of the peace of the county of *Dutchess*, and at

A bastard child is settled in the town where it was born, until it acquries a settlement for itself, and the justices of such town may make an order for filiation and maintenance, although the legal settlement of the mother be elsewhere.

The place where they are born is, *prima facie*, the settlement of legitimate children, until their settlement by parentage is discovered.

ALBANY,
August, 1817.

DELAVERGNE
v.
NOXON.

the trial of the appeal, the only evidence given was that of *Eliza Carpenter*, who testified as to the time of the birth of the child, and that the plaintiff was the father ; that she lived with her mother in the town of *Poughkeepsie ;* that she had resided there a year or more, previous to the month of *November* last, when the child was born, and that she herself was born in the town of *New-Marlborough*, in *Ulster* county. Upon this evidence the court below confirmed the order with costs. The case was sub-mitted to this court without argument.

*Per Curiam.* This case arises upon an order made out against the appellant, for the maintenance of a bastard child, of whom he is charged to be the putative father. The bastard child was born in the town of *Poughkeepsie*, where the mother had lived for more than a year, with her mother, neither of whom, from any thing that appears, had gained a settlement in the town of *Poughkeepsie.* The mother of the bastard child was born in *New Marlborough*, in *Ulster* county.

It is contended, on the part of the appellant, that the mother must be removed to *Ulster* county, and the order be made out there ; that the town of *Poughkeepsie* cannot be chargeable with the maintenance of the bastard child ; and that, of course, no order can be made by the justices of *Dutchess* county. This is a mistake. The place of settlement of the bastard child is where it was born ; for the bastard not having any legal pa-rents cannot be referred to their settlement. The place where the child is born is, *prima facie*, the settlement of legiti-mate children. It is only so, however, until the settlement to which such child is entitled by parentage, is discovered. But this rule does not apply to bastard children   The settlement of such children is where they are born, until they gain a settlement for themselves. And, besides, by the first section of the act for the relief of towns from the maintenance of bastard children, (1 *R. L.* 306.,) the justices of the town where the bastard child is born, are expressly authorized to make an order for the relief of the town. The order of the sessions, must, therefore be affirmed.

Order of sessions affirmed.